**O'Connor & Associates, PLLC**
Stephen O'Connor, Esq.
Texas Bar #24060351
7703 N. Lamar Blvd., Ste. 300
Austin, Texas 78752
Telephone (512) 617-9600
steve@oconnorimmigration.com
*Attorney for Plaintiff*

**Onal Gallant Bayram & Amin**
Enes Hajdarpasic, Esq.
(NJ Bar No. 028542011)
619 River Dr., Suite 340
Elmwood Park, NJ 07407
P: (201) 508-0808
enes@ogplawfirm.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| HUSEYIN DALAN, <br><br> *Plaintiff*, <br><br> v. <br><br> PAM BONDI, U.S. Attorney General; KRISTI NOEM, Secretary, United States Department of Homeland Security; KIKA SCOTT, Acting Deputy Director, United States Citizenship and Immigration Services; TERRI A. ROBINSON, Director, National Benefits Center, United States Citizenship and Immigration Services; TINA ALMOND, Director, San Antonio United States Citizenship and Immigration Services Field Office <br><br> *Defendants*. | Docket No. _____ |

**PLAINTIFF'S COMPLAINT AND ACTION IN MANDAMUS**

## INTRODUCTION

1. Plaintiff, Huseyin Dalan came to the United States to escape life threatening persecution and was granted asylum by Defendant U.S. Citizenship and Immigration Services on July 13, 2020. After a grant of asylum, asylees like Plaintiff are entitled to file a Form I-485, Application for Adjustment of Status ("I-485") in order to adjust their status. Plaintiff did just that by filing an I-485 on August 29, 2022. Plaintiff was never scheduled an interview after filing his application and has not received any correspondence from USCIS regarding his application. Over two years and five months have elapsed, and Defendants have still not adjudicated Plaintiff's I-485 and have improperly withheld timely action on this application.

2. Plaintiff has suffered irreparable harm as a result of this prolonged delay. Plaintiff is unable to establish his life in the United States given the uncertainty over the application. Plaintiff is also not eligible for certain benefits that would otherwise be afforded to him if he had status. This, and the other harms caused by the unreasonable delay, have caused Plaintiff irreparable and significant psychological harm.

3. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims asserted in this action under 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651.

5. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 because Plaintiff is aggrieved by adverse agency action which the Court is authorized to remedy under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.

6. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 2201-02 which authorizes the issuance of declaratory judgments.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this judicial district is where Plaintiff reside.

## THE PARTIES

8. Plaintiff is a native and citizen of Turkey.

9. Defendant USCIS is an agency of the United States Department of Homeland Security ("DHS") charged with, *inter alia*, scheduling adjustment of status interviews and adjudicating applications for adjustment of status.

10. The Defendant, USCIS and National Benefits Center, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to INA §§ 103, 209(b), and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6, and to make a decision on said application.

## THE FACTS

11. On July 13, 2020, Plaintiff was granted Asylum by USCIS.

12. On August 29, 2022, Plaintiff filed his Form I-485 applications for adjustment of status with the USCIS National Benefits Center.

13. Over two years have elapsed since the filing of the applications with no interview or decision.

14. Plaintiff has exhausted all administrative remedies available to him and he has been unable to resolve the delay described in this Complaint.

## DEFENDANTS' DUTY TO ADJUDICATE PLAINTIFF'S ADJUSTMENT OF STATUS APPLICATION

15. Pursuant to the Immigration and Nationality Act ("INA"), a noncitizen who is granted asylum gains various benefits, including derivative asylum status for family members and adjustment of status to permanent residence after one year. *See* 8 U.S.C. §§ 1158, 1159. The Plaintiff is entitled to adjust his status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159.

16. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendants have unreasonably delayed and refused to adjudicate the Plaintiff's applications to adjust status for more than 2 years, thereby depriving the Plaintiff of his right to a decision on his immigration status.

## COUNT ONE

## (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)

17. Plaintiff repeats and realleges paragraphs 1 to 17 as if fully set forth herein and incorporate them by reference.

18. Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint violate the Administrative Procedure Act ("APA") because the adjudication of the I-485 is being "unlawfully withheld or unreasonably delayed" as proscribed by 5 U.S.C. § 706(1).

19. Pursuant to USCIS own processing times, the I-485 is beyond the normal timelines for adjudication of similarly situated I-485s.

20. The agency's delay is also "arbitrary, capricious, [and] not in accordance with law" pursuant to 5 U.S.C. § 706(2)(A).

21. As a result, Plaintiff has suffered irreparable harm.

## COUNT TWO

**(MANDAMUS)**

22. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein and incorporate them by reference.

23. Under the Mandamus Act, 28 U.S.C. § 1361, relief may be granted because Defendants owe Plaintiff a non-discretionary statutory duty, and Plaintiff has exhausted all other avenues of relief.

24. Defendants have a duty to administer and enforce the INA and to adjudicate I-485s.

25. There is no indication that USCIS will ever adjudicate Plaintiff's I-485, and this breach of Defendants' duty is ongoing, despite all reasonable efforts taken by Plaintiff to expedite this matter.

26. This breach of duty has no foreseeable conclusion and could be prolonged indefinitely.

27. As a result, Plaintiff has suffered irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to:

a. Accept jurisdiction and maintain continuing jurisdiction of this action;

b. Declare Defendants actions in this matter an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. § 2201-02;

c. Issue a declaratory judgment or preliminary or permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to make a determination Plaintiff's I-485;

    d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Defendants to make a determination on Plaintiff's I-485 within two weeks;

    e. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq*; and

    f. Grant such other relief as the Court deems necessary.

Dated: February 11, 2025

By: _/s/ Stephen O'Connor_

**O'Connor & Associates, PLLC**
Stephen O'Connor, Esq.
Texas Bar #24060351
7703 N. Lamar Blvd., Ste. 300
Austin, Texas 78752
Telephone (512) 617-9600
steve@oconnorimmigration.com
Attorney for Plaintiff

**ONAL GALLANT BAYRAM & AMIN**

By: _/s/ Enes Hajdarpasic_
Enes Hajdarpasic, Esq.
619 River Dr., Suite 340
Elmwood Park, NJ 07407
enes@ogplawfirm.com
*Attorneys for Plaintiff*
*(Pro Hac Vice application to be filed)*